# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| **ANDRA GROUP, LP,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § Civil No.: 4:19-cv-288-ALM-KPJ | |
| **VICTORIA'S SECRET STORES, LLC,** § | |
| **VICTORIA'S SECRET STORES BRAND** § | |
| **MANAGEMENT, INC., VICTORIA'S SECRET** § | |
| **DIRECT BRAND MANAGEMENT, LLC, and** § | |
| **L BRANDS, INC.** § | |
| § | |
| Defendants. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 24, 2020, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Dkt. #59) that Defendants' Renewed Motion to Dismiss for Improper Venue, or in the Alternative, Transfer (Dkt. #24) be granted in part and denied in part.

On March 9, 2020, Plaintiff and Defendants filed objections to the Report ("Defendants' Objections") (Dkt. #60); ("Plaintiff's Objections") (Dkt. #61) (collectively, the "Objections"). Plaintiff and Defendants also filed responses to the Objections ("Defendants' Response") (Dkt. #63); ("Plaintiff's Response") (Dkt. #64).

The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

All Defendants in this case are related companies falling under the corporate umbrella of L Brands, Inc. ("LBI") (Dkt. #24 at p. 6). LBI stands as the corporate parent of many different retailers in the apparel and home product field.

Defendants present that LBI provides "general corporate oversight for its direct and indirect subsidiaries but requires each individual company to run its own business" (Dkt. #24 at p. 6). LBI's subsidiaries each maintain their own corporate, partnership, or limited liability company status, identity, and structure.

LBI is the corporate parent of VICTORIA'S SECRET®, a "lifestyle brand." Different parts of the VICTORIA'S SECRET® business are operated by different subsidiaries under the LBI umbrella. Victoria's Secret Stores, LLC ("Stores") operates the physical stores, including those in the Eastern District of Texas (the "District"). Victoria's Secret Direct Brand Management, LLC ("Direct") manages the victoriassecret.com website and Victoria's Secret mobile app. Victoria's Secret Stores Brand Management, Inc. ("Stores Brand Management") creates Victoria's Secret branded intimate apparel and beauty products (Dkt. #24 at p. 7).

The Report recommends that Defendants L Brands, Inc., Victoria's Secret Direct Brand Management, LLC, and Victoria's Secret Stores Brand Management, Inc. (collectively, "Non-Store Defendants") be dismissed for improper venue without prejudice but that the suit proceed against Stores.

## II. OBJECTIONS

Defendants object to the Report's conclusion that venue is proper in the District with respect to Stores (Dkt. #60). Plaintiff objects to the Report's conclusion that venue is not proper in the District with respect to Non-Store Defendants (Dkt. #61). A party who files timely written

objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). Objections to a report must specifically identify portions of the report and the basis for those objections. FED. R. CIV. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects. Moreover, the District Court need not consider frivolous, conclusory, or general objections. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Thus, the Court will only address specific objections asserted by the parties.

### III. DISCUSSION

The Report recites the proper standard for venue analysis:

> Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, 2008 WL 686156, at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). . . . If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).
>
> . . .
>
> Under 28 U.S.C. § 1400(b), a patent infringement claim can be brought in a judicial district where the defendant either: (1) resides, or (2) committed acts of infringement and maintains a regular and established place of business. Federal Circuit law "governs the placement of the burden of persuasion on the propriety of venue under § 1400(b)," and "upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re:*

*ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

(Dkt. #59 at p. 4).

### A. Defendants' Objections (Dkt. #60)

Defendants argue that Stores does not commit the accused acts of infringement (Dkt. #60 at p. 2). In support of its argument, Defendants offer the testimony of the store manager of the Victoria's Secret store in Plano, Texas, as evidence that Stores does not engage in the acts accused of infringement (Dkt. #60 at p. 4). Defendants also argue that merely using or accessing victoriassecret.com does not meet Plaintiff's accusations because the asserted claims require that a user of victoriassecret.com select thumbnails that show the product at different angles and have that selection shown to the them (Dkt. #60 at p. 5).

Although venue is appropriate as to Stores as alleged in Plaintiff's complaint, Defendants argue that the Court need not accept Plaintiff's allegations as true when they are refuted by testimony (Dkt. #60 at p. 5). The evidence presented, however, does not refute Plaintiff's allegations. The manager's testimony indicates her *personal* knowledge regarding particular use that would satisfy all claimed method elements but does not speak generally to how Stores' employees use the victoriassecret.com website. When asked if she had ever seen an employee click on different images on the website in a way that would tie directly to Plaintiff's asserted claims, she testified that she could not say for sure (Dkt. #45-5 at pp. 44–45). She was sure, however, that employees use iPads to show products to customers on victoriassecret.com (Dkt. #45-5 at p. 41). Additionally, she was sure that an associate *could* click and show a customer different images of the products on the website, implicating Plaintiff's claims:

> Q Okay. So if I came in and was interested in the PINK Collegiate line, could an associate show me those products on the iPad?
>
> A Yes.

Q And could they click and show me different images of those products?

A They could, yes.

(Dkt. #45-5 at p. 44). Thus, Defendants overstate the degree to which the proffered manager's testimony refutes Plaintiff's allegations as to Stores.

Further, Defendants cite inapposite cases that do not apply to the present matter. *Snyders Heart Valve LLC v. St. Jude Med. S.C. Inc.*, No. 4:16-cv-812-ALM-KPJ, 2018 WL 2387234, at *6 (E.D. Tex. Mar. 7, 2018), report and recommendation adopted, No. 4:16-CV-00812, 2018 WL 3099709 (E.D. Tex. June 25, 2018), concerned a motion for summary judgment rather than a motion to dismiss where well-pleaded facts are accepted as true. *See, e.g., Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). In *Green Source Holdings, LLC v. Ingevity Corp.*, No. 1:18-CV-1067, 2019 WL 1995402, at *4 (W.D. Ark. May 6, 2019) and *Sudenga Indus., Inc. v. Glob. Indus., Inc.*, No. C18-4024-LTS, 2018 WL 9811114, at *3 (N.D. Iowa Sept. 14, 2018), uncontroverted evidence conclusively disproved the sufficiency of the allegations, specifically, that the accused product was never made, used, shipped to, or sold in-district.

With allegations that Stores does invoke the accused feature, and no evidence that actually demonstrates that Stores does not invoke the accused feature, Defendants' objections are **OVERRULED**.[1]

---

[1] The Court has held in *Virginia Innovation Scis., Inc. v. Amazon.com, Inc*., No. 4:18-CV-474, 2019 WL 3082314, at *6 (E.D. Tex. July 15, 2019), *mandamus denied*, 779 F. App'x 746 (Fed. Cir. 2019) that for the purposes of venue, the statutory infringement inquiry is not connected to the place-of-business inquiry under 28 U.S.C. § 1400(b). "[N]o relation is required between the two." *Id*. "Section 1400(b) requires only that 'the defendant has committed acts of infringement and has a regular and established place of business.'" *Id*. "Nothing in the language of [§] 1400(b) justifies the conclusion that a defendant's place of business in the district must have some connection with the accused device." *Id*. (citing *Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 791 (E.D. Tex. 2017), *mandamus granted on other grounds*, *In re Cray*, 871 F.3d 1355).

**B. Plaintiff's Objections (Dkt. #61)**

Plaintiff does not dispute the Report's conclusion that corporate separateness is of paramount importance in determining venue (Dkt. #59 at p. 5–7). *See Javelin Pharm., Inc. v. Mylan Labs. Ltd.*, No. 16-224-LPS, 2017 WL 5953296, at *4 (D. Del. Dec. 1, 2017) (stating that, under *Cray*, a pertinent circumstance to be considered is "whether the formalities of corporate separateness are preserved"); *Post Consumer Brands, LLC v. General Mills, Inc.*, 2017 WL 4865936, at *2 (E.D. Mo. Oct. 27, 2017) (finding that "[u]ltimately, so long as formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other for the purpose of determining venue"); *Symbology Innovations, LLC v. Lego Sys., Inc.*, 158 F. Supp. 3d 916, 931 (E.D. Va. 2017) (analyzing corporate separateness for determination of venue); and *Galderma Labs., L.P. v. Teva Pharm. United States, Inc.*, 290 F. Supp. 3d 599, 610-13 (N.D. Tex. 2017) (focusing on the issue of formal corporate separateness). As the Report made clear, "Plaintiff, whose burden it is to establish venue, has not made a showing that Defendants have not maintained formal corporate separateness" (Dkt. #59 at p. 7). Defendants have also adequately alleged that Defendants have observed all corporate formalities and maintained separateness (Dkt. #47 at pp. 4–10).

Plaintiff also does not dispute the Report's conclusion that Stores is not an alter-ego of any Non-Store Defendant, and thus, Stores' places of business cannot be imputed to Non-Store Defendants under an alter-ego theory.

1. <u>Employees or Agents in the District</u>

Plaintiff objects to the Report's determination that Plaintiff's allegations do not support the assertion that employees of Stores are agents of Non-Store Defendants (Dkt. #61 at p. 8). The argument was addressed in the Report, and the Magistrate Judge correctly concluded that there are not allegations which lead to a conclusion that LBI and Direct exercised control over Stores'

employees. The Report highlighted that Plaintiff's contentions suggested other entities are involved with aspects of Stores' business such as supplying improvements, paying operating costs, such as utilities, investing in technology, posting Stores' job listings on LBI's website, and employees being required to sign the LBI code of conduct (Dkt. #59 at p. 8). "An agency relationship is a 'fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents to act.'" *In re Google LLC*, No. 2019-126, 2020 WL 728165, at *6 (Fed. Cir. 2020) (citing Restatement (Third) of Agency § 1.01). Plaintiff's allegations do not amount to establishing that Stores' employees are subject to Non-Store Defendants' control such that they could be considered agents of the Non-Store Defendants.

In Plaintiff's Objections, Plaintiff bullet-points a list of references to prior arguments as evidence that Non-Store Defendants control and conduct business in stores in the District (Dkt. #61 at pp. 6–8). None of the cited arguments, however, support such a conclusion. This list includes evidence demonstrating that LBI sometimes collectively refers to its subsidiaries in filings with the SEC and performs some functions for all subsidiaries but does not engage in business or exercise control over Stores' employees. The additional objections are either unspecific and conclusory (*see, e.g.*, "LBI controlling the purse strings of each subsidiary") (Dkt. #61 at p. 6) or irrelevant (*see, e.g.*, "VS Direct collecting data on its customers") (Dkt. #61 at p. 7). As previously stated, the Court will not review conclusory or general objections.

Further, to the extent Plaintiff argues that the issue of whether control exercised over Stores' employees rendering them agents of the Non-Store Defendants was not fully briefed

(Dkt. #61 at p. 8), Defendants rightly note that the issue was in fact briefed, and Plaintiff had ample time to properly request additional briefing if necessary. As the Report recounts:

> Plaintiff's response includes a request for additional briefing. *See* Dkt. 57. Again, this is essentially a motion for a relief, that has not been filed as a motion, which means it has not complied with the meet and confer requirements. *See* L.R. CV-7(h). Additionally, Plaintiff made no representations about requesting additional briefing at the telephone hearing held just two days before its filing. While the Court will consider the filings of Plaintiff and Defendants, the Court finds the issues have been substantively briefed and require no additional briefing.

(Dkt. #59 at p. 1 n. 2). Additionally, the Magistrate Judge considered Plaintiff's supplemental brief (Dkt. #57) responding with additional argument to Defendants' Notice of Supplemental Authority (Dkt. #56). Plaintiff had ample opportunity to address the issue of control—Defendants explicitly raised the issue of control with respect to brick-and-mortar stores in Defendants' Renewed Motion to Dismiss (Dkt. #24 at p. 14) ("Stores does not share revenue, operations responsibility, or control with respect to brick-and-mortar stores with any Defendant or other LBI subsidiary") and Plaintiff engaged in discovery on whether Stores' employees were under the control of other entities (*see, e.g.* Dkt. #45-5 at pp. 58–60) (discussing authority to terminate employees and the chain of command within Stores). Thus, the Court does not find additional briefing is appropriate or necessary.

The Court finds that Plaintiff's objections with regard to the issue of control over Stores' employees are, therefore, **OVERRULED**.

2. Ratification

Plaintiff objects that the Court did not fully consider whether Defendants ratified Stores' retail locations in the District as "places of the defendant" for Non-Store Defendants such that Non-Store Defendants may be said to maintain a regular and established place of business in the District. (Dkt. #61 at p. 3). The Report, however, considered Plaintiff's ratification argument,

highlighting the threshold issue—that Non-Store Defendants have not ratified an in-district location as a "place of defendant," because Non-Store Defendants do not actually engage in business from the in-district retail stores (Dkt. #59 at p. 7). Plaintiff presents the question of whether a defendant is "engaging in business" as but one of many elements to consider, but, in *Cray*, the Federal Circuit identified this as a make-or-break issue, stating that "[t]he mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location." 871 F.3d at 1363–64. Moreover, other factors noted in *Cray* support the conclusion that Non-Store Defendants do not engage in business in Stores' retail locations: Stores leases and performs all operations at their retail locations in the District (*see* Dkt. #24-1 at ¶ 14); Non-Store Defendants do not maintain any employees in Stores' retail locations in the District (*see* Dkt. #24-1 at ¶¶ 6, 22, 27); Non-Store Defendants do not own property in the District (*see* Dkt. #24-1 at ¶¶ 5, 8, 22, 27); Non-Store Defendants do not identify any of the retail locations as their place of business on victoriassecret.com (*see* Dkt. #45-11); the corporate names of Non-Store Defendants are not displayed on signs in the retail locations (*see* Dkt. #45-5 at pp. 61–62); and Non-Store Defendants carry out different business functions than those of Stores (*see* Dkt. #24-1 at ¶¶ 8, 26; Dkt. #45-5 at pp. 21, 27, 29–30).

Plaintiff objects that the Report did not view the evidence in favor of Plaintiff when considering whether Non-Store Defendants actually engaged in business in a physical store (Dkt. #61 at p. 6). The Report, however, does not weigh the evidence against Plaintiff. Rather, the single statement selected by Plaintiff to demonstrate an inappropriate presumption[2] notes that the

---

[2] "Additionally, Plaintiff contends Stores' employees are the only people authorized to accept returns from purchases on the victoriassecret.com website. *See id.* However, Stores offering to facilitate physical returns which are then merely directed to Direct does not demonstrate a level of control over Stores' employees. Presumably, this action and

Stores' actions taken in facilitating physical returns for Direct of its own volition does not demonstrate, absent evidence or argument to the contrary, exercise of control by Direct over Stores. The "presumption," identified by Plaintiff, therefore, is not one of weighing of facts or evidence, but of denoting the logical conclusion that Stores' actions and service in this unaddressed regard was in the control of Stores.[3]

The Court, therefore, finds that Plaintiff's objections regarding ratification are **OVERRULED**.

## IV. CONCLUSION

Based on the foregoing, the Court finds the Objections are overruled.

It is, therefore, **ORDERED** that Defendants' Renewed Motion to Dismiss for Improper Venue, or in the Alternative, Transfer (Dkt. #24) is **GRANTED IN PART and DENIED IN PART**.

The Court **ORDERS** that Defendants L Brands, Inc., Victoria's Secret Direct Brand Management, LLC, and Victoria's Secret Stores Brand Management, Inc., i.e., the Non-Store Defendants, be dismissed without prejudice for improper venue.

The Court **ORDERS** that the suit proceed against Defendant Victoria's Secret Stores, LLC.

**IT IS SO ORDERED.**
**SIGNED this 26th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

service is entirely in the control of Stores, and there is not evidence presented which suggests otherwise" (Dkt. #59 at p. 8).

[3] Additionally, once the defendant comes forward with evidence that venue is improper, the plaintiff cannot rely on mere venue allegations in its complaint to maintain its chosen venue. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998) (stating that well-pleaded facts are accepted as true "only to the extent that such facts are uncontroverted by defendant's affidavit").